### CAMERON v. MALONEY, Collector of Internal Revenue.

#### Civil Action No. 3109.

District Court, D. Oregon.

Jan. 8, 1947.

Robt. T. Jacob and Randall S. Jones, both of Portland, Or., for plaintiff.

Thomas R. Winter, Sp. Asst. to U. S. Atty., of Seattle, Wash., and Victor E. Harr, Asst. U. S. Atty., of Portland, Or., for defendant.

McCOLLOCH, District Judge.

The Government's case is largely based on information obtained from taxpayer's

own records. These were turned over to the agents by plaintiff's tax counsel without plaintiff's knowledge or consent.

This raises the same question with which O.P.A. has been vexing the courts. While in the present case there was no subpoena, not even a written demand—the pressure of official authority was enough—the question of how to protect records in the hands of third parties must soon be met and dealt with by the Federal Courts.

When at high tide in this District, it was O.P.A. practice to issue administrative subpoenas to banks and finance companies for production of customers' records, with or without notice to the parties, whose records O.P.A. sought to examine.[1]

All this is the beginnings of Gestapo. It is a remnant of the unlimited authority granted to the executive branch of the Government for the prosecution of the war. Attempt to continue its use in time of peace must be stamped out. See "What the War Did to the Constitution" by Edwin S. Corwin, published under the title "Total War and the Constitution," ABA Journal, Oct. 1946, p. 702.

---

[1] These administrative subpoenas were issued and often signed by the District Director, as well as by others lower in rank. This, under the right claimed by OPA to delegate the subpoena power.